Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2000-281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME CREATING A TRUST FUND USING THE FOOD TAX FOR PAYMENT OF CANVASSERS, SPONSORS, SCHOLARSHIPS, TEACHER PAY AND TEACHER'S RETIREMENT FUND WITH INTENT TO ABOLISH SAID TAX
 BALLOT TITLE AMENDMENT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSIONS AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF FUNDS IN THE INITIATED EDUCATIONAL TRUST FUND BEGINNING ON THE 31ST DAY AFTER VOTER APPROVAL OF THIS AMENDMENT, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS AS DEFINED HEREIN, AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH FUNDS IN THE FUND; CREATING THE INITIATED EDUCATIONAL TRUST FUND SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. SECTION 19-4-803 TO EXEMPT THE "INITIATED EDUCATIONAL TRUST FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE INITIATED EDUCATIONAL TRUST FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE INITIATED EDUCATIONAL TRUST FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. SECTIONS 24-3-408, -414, -415, -417 TO -425 AND A.C.A. SECTION 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE INITIATED EDUCATIONAL TRUST FUND, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 40% OF THE PRINCIPAL AMOUNT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEPOSITED IN THE INITIATED EDUCATIONAL TRUST FUND FROM THE 31ST DAY AFTER NOVEMBER 5TH 2002 TO THE FIRST TUESDAY OF JUNE 2003 TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE REGULAR GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING A PAYMENT FROM THE CANVASSER'S ACCOUNT FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS A VALID REGISTERED VOTER BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE BALLOT; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 10% OF THE PRINCIPAL AMOUNT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEPOSITED IN THE INITIATED EDUCATIONAL TRUST FUND FROM THE 31ST DAY AFTER NOVEMBER 5TH 2002 TO THE FIRST TUESDAY OF JUNE 2003 TO BE PAID TO THE SPONSOR OF THIS AMENDMENT; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE TO THE CANVASSERS AND THE SPONSOR OF THIS AMENDMENT WITHIN 30 WORKING DAYS AFTER THE FIRST TUESDAY OF JUNE 2003; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION AS A PETITIONER WITH THEIR SIGNATURE AS A CANVASSER; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTRE [SIC] 30% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED EDUCATIONAL TRUST FUND FOR FULL TUITION PAYMENT FOR QUALIFIED PERSONS TO ATTEND ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE OF WHICH NOT MORE THAN 40% OF THE 30% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS SHALL BE DISTRIBUTED FOR EACH SESSION OF CLASSES; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 18% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED EDUCATIONAL TRUST FUND TO BE DIVIDED EQUALLY BY THE TOTAL NUMBER OF TEACHERS EMPLOYED THE PREVIOUS YEAR BY ANY PUBLICLY FUNDED INSTITUTE OF EDUCATION WITHIN THE STATE, AND PAID TO THOSE TEACHERS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 2% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE INITIATED EDUCATIONAL TRUST FUND TO THE TEACHER'S RETIREMENT FUND; AUTHORIZING THE STATE BOARD OF FINANCE TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION TO THE STATE BOARD OF FINANCE FOR QULAIFIED [SIC] PERSONS TO RECEIVE TUITION PAYMENT FROM THE INITIATED EDUCATIONAL TRUST FUND WITH SUCH PAYMENTS BEING MADE IN A TIMELY MANNER DIRECTLY TO THE UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO THE STATE BOARD OF FINANCE TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN UNIVERISITY [SIC], COLLEGE OR COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL EARNED GROSS INCOME FROM THE PREVIOUS YEAR OR THE JOINT TOTAL EARNED GROSS INCOME FROM THE PREVIOUS YEAR IF A MARRIED COUPLE; REQUIRING DISTRIBUTION OF FULL TUITION FROM THE INITIATED EDUCATIONAL TRUST FUND TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE, FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR'S GROSS EARNED INCOME OR THE JOINT PREVIOUS YEAR'S GROSS INCOME IF A MARRIED COUPLE; PROVIDING NO PAYMENT SHALL BE MADE TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR ANY PERSON TO RETAKE A FAILED CLASS; PROVIDING ANY PAYMENT FROM THE INITIATED EDUCATIONAL TRUST FUND BY THE STATE BOARD OF FINANCE TO ANY TEACHER, THE TEACHER'S RETIREMENT FUND, THE CANVASSERS AND SPONSOR OF THIS AMENDMENT TO BE EXEMPT FROM ANY STATE TAX; REQUIRING RE-DEPOSIT OF INVESTMENT EARNINGS IN THE INITIATED EDUCATIONAL TRUST FUND NOT USED FOR THE PURPOSES HEREIN STATED; REQUIRING THE STATE BOARD OF FINANCE TO AUDIT THE BOOKS OF THE INITIATED EDUCATIONAL TRUST FUND ANNUALLY, AND EXEMPTING FOOD ITEMS FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX WHEN 50% OF THE PREVIOUS ANNUAL EARNED INTEREST OF THE FUND EXCEEDS BY ANY AMOUNT THE PREVIOUS ANNUAL DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT" NOR ANY ITEMS HEREAFTER EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT"; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701 NOR ANY ITEMS HEREAFTER EXCLUDED FROM THE PROVISIONS OF THIS TAXATION; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL FROM THIS AMENDMENT NOR ANY ITEMS HEREAFTER EXCLUDED FROM THE PROVISIONS OF THIS TAXATION; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Because your proposed measure contains various ambiguities in both its form and its substance, I cannot summarize the measure in a ballot title that accurately and fairly reflects the contents of the measure. See,e.g., Ops. Att'y Gen. Nos. 2000-281, -264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120. I must therefore reject your proposed popular name and ballot title. If you are aggrieved at my action in this regard, you have the right, by petition, to apply to the Arkansas Supreme Court for proper relief. See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General